## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL J. HOEFER, ) | |
| ) | Bankruptcy No. 13-00528 |
| Debtor. ) | |
| ) | |
| LINDA R. HOEFER, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 13-09073 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. HOEFER ) | |
| ) | |
| Defendant. ) | |

## TRIAL ORDER

Plaintiff brought this adversary proceeding to determine Debtor's ability to discharge a vehicle debt. Trial occurred in Sioux City, Iowa on September 17, 2014. Jacob Natwick appeared on Plaintiff's behalf, and Will Forker appeared on Debtor's behalf. Parties submitted post-trial letter briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Plaintiff brought this adversary proceeding to determine dischargeability of Debtor's vehicle debt to Capital One Auto Finance ("Capital One"). Plaintiff is Debtor's former spouse. Plaintiff and Debtor held the disputed debt jointly before

their divorce. Plaintiff asserts that the debt is nondischargable in bankruptcy as a domestic support obligation under 11 U.S.C. § 523(a)(5) or (15). Debtor argues that the debt should be dischargeable based on equity and 11 U.S.C. § 105(a). Debtor also argues that even if the debt is nondischargeable, it should only be nondischargable to the extent of the hold harmless agreement in the divorce decree. The Court determines that the debt is only nondischargable to the extent of the hold harmless obligations.

## FINDINGS OF FACT

Plaintiff and Debtor were jointly obligated to Capital One on a note and security agreement for a Jeep Liberty automobile (the "vehicle"). Plaintiff and Debtor divorced on March 20, 2007. Debtor was awarded sole ownership of the vehicle in the marriage dissolution proceedings. As part of the award, Debtor had to pay the balance remaining on the vehicle. Plaintiff has not used or been permitted to use the vehicle at least since the divorce proceedings. Plaintiff's name remains on the vehicle loan.

Plaintiff was awarded the marital home, which Plaintiff and Debtor previously held jointly. Debtor's name remained on the mortgage, but Plaintiff is obligated to continue to make the home mortgage payments. Plaintiff frequently pays the mortgage late, which has negatively affected Debtor's credit record. In fact, Debtor testified at trial that one of the primary reasons he filed for bankruptcy

was the negative effect on his credit because of these late payments. Due in part to his poor credit record, Debtor has been unable to obtain financing to purchase a home. Debtor filed for Chapter 7 bankruptcy on April 9, 2013. Debtor gave Plaintiff a quitclaim deed to the martial home on October 21, 2013 in an effort to disassociate himself with the debt related to the home. Debtor's credit score has improved significantly since the bankruptcy filing.

The marriage dissolution agreement contained a "hold harmless and indemnity" provision that required each party to "hold harmless, defend and indemnify the other party from any and all claims, collection actions, attorney fees and costs resulting from the responsible party's non-payment of the indebtedness assigned or allocated to such party." The agreement also stated that each party was "solely responsible for the indebtedness for which they are now liable."

After the divorce, Debtor was unable to work for approximately ten months because of an injury. As a result, Debtor had trouble making vehicle payments. Debtor contacted Plaintiff, asking her to take the vehicle because he was unable to continue making payments. Plaintiff refused, and the vehicle was repossessed shortly thereafter.

As a result of the repossession, Capital One obtained a judgment from Plaintiff in the Iowa District Court for Woodbury County for $11,749.05 (plus interest and costs). Capital One placed a judgment lien on Plaintiff's home. The

3

lien was subsequently removed. Capital One has not contacted Plaintiff since the judgment lien was removed.

## DISCUSSION

**I.    Dischargeability of Debt Under § 523(a)(5) or (15)**

Plaintiff has filed this case arguing that Debtor's debts and obligations to her under the Divorce Decree cannot be discharged in bankruptcy. In particular, she argues these debts and obligations are non-dischargeable under 11 U.S.C. §§ 523(a)(5) and (15).

Section 523(a)(5) excepts domestic support obligations from discharge. Section 523(a)(15) excepts a wide array of obligations that arise from marriage dissolution proceedings. 11 U.S.C. § 523(a)(15) (2013); see also Douglas v. Douglas (In re Douglas), 369 B.R. 462 (Bankr. E.D. Ark. 2007) (discussing the breadth of § 523(a)(15)). "In the same way that § 523(a)(5) 'favors enforcement of familial support obligations,' § 523(a)(15) favors the enforcement of other obligations arising out of a marital relationship over a fresh start for the debtor under Chapter 7 of the Bankruptcy Code." Davis v. Hosterman (In re Hosterman), Bankr. No. 07-10575-M, Adv. No. 07-01082-M, 2007 WL 2973592, at *4 (Bankr. N.D. Okla. Oct. 9, 2007) (footnote omitted) (quoting Sampson v. Sampson (In re Sampson), 997 F.2d 717, 722 (10th Cir. 1993)).

4

Here, Plaintiff makes little distinction between subsections (a)(5) and (a)(15) because she argues that applying either section will reach the result she desires. However, there is a subtle distinction between the two provisions. Under subsection (a)(5), the obligation must be for "support." 11 U.S.C. § 523(a)(5). "[U]ndertakings by one spouse to pay the other's debts . . . can be 'support' for bankruptcy purposes." Williams v. Williams, (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983). To determine if the underlying obligation is for support, the court will look to the debt's function in the marriage dissolution agreement. Id.

Here, the underlying debt relating to the vehicle cannot be interpreted as "support." Debtor has assumed this obligation and—but for the repossession—would have used this vehicle. Plaintiff did not have access to it and did not use it. Therefore, Plaintiff would be hard-pressed to argue that the vehicle obligation is a "support" payment. Perhaps in understanding this distinction, Plaintiff makes virtually no effort to argue that the vehicle payment is for Plaintiff's "support." Therefore, to be nondischargeable, the debt would have to fall under § 523(a)(15). Thus, the Court next determines how § 523(a)(15) applies to this case.

Section 523(a)(15) is written broadly and prohibits discharge of virtually any obligation that arises from a divorce proceeding. 11 U.S.C. § 523(a)(15); see also In re Douglas, 369 B.R. 462. Here, parties do not dispute that the contested obligation springs from the divorce proceedings.

5

Before amendments to the bankruptcy code (known as BAPCPA), subsection (a)(15) had two exceptions.  See Grunwald v. Beck (In re Beck), 298 B.R. 616, 622–23 (Bankr. W.D. Mo.2003) (discussing the exceptions to subsection (a)(15)).  The first involved a hardship determination.  Id.  The other allowed the court to use a benefit–detriment balancing test between the debtor and former spouse.  Id.  The 2005 amendments removed these somewhat discretionary exceptions.  Bankruptcy Abuse and Prevention Act, Pub. L. No. 109-8, § 215(3)(c), 119 Stat. 23 (2005); see also In re Douglas, 369 B.R. at 464–65.  In removing those provisions, the legislature significantly limited the Court's overall discretion in this area.

While § 523(a)(15) is written broadly, it is slightly limited by the fact that it only applies to payments "to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15).  "A requirement in a divorce decree to hold harmless or indemnify a spouse for joint obligations during a marriage creates a 'new' debt, running solely between former spouses." Damschroeder v. Williams (In re Williams), 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008); see also Wallace v. Marble (In re Marble), 426 B.R. 316 (B.A.P. 8th Cir. 2010).  To qualify as an exception to discharge under § 523(a)(15) the debt must: (1) be to a "spouse, former spouse, or child of the debtor"; (2) not fall under § 523(a)(5); and (3) result

from a separation agreement, divorce decree, or another court order in the course of a legal separation or divorce. In re Williams, 398 B.R. at 469.

Here, parties do not dispute that this debt arose from their marital dissolution agreement. As discussed above, this obligation is not for Plaintiff's "support," so it cannot fall under § 523(a)(5). The only remaining question, then, is whether the obligation is to a "spouse, former spouse, or child of the debtor" as subsection (a)(15) requires.

Plaintiffs entered into a dissolution agreement with a hold harmless or indemnification provision. That provision created a "new" debt as between the former spouses, but not between Debtor and Capital One. The debt to Capital One did not arise from the dissolution decree and therefore does not fall under § 523(a)(15) even though the divorce proceedings address it. The debt between the former spouses that related to the vehicle, however, did result from the dissolution agreement. This debt, resulting from the hold harmless agreement, is the only nondischargeable debt related to the vehicle. Therefore, the Court concludes that any obligations under the hold harmless or indemnification provision cannot be discharged under §523(a)(15), but that does not include any debt owed from Debtor directly to Capital One.

Plaintiff testified that since the homestead lien was removed, Capital One has not attempted to contact or collect from her. In the event that those

circumstances change, Debtor is bound by his agreement in the divorce decree to hold harmless or indemnify Plaintiff from any debt collection efforts from Capital One related to that vehicle.

Debtor has argued that the Court can and should consider allowing Debtor to discharge the debt under § 105(a) of the Bankruptcy Code. That section, however, does not allow the Court to negate or override a specifically applicable provision of the Code. Moreover, the evidentiary record does not support any extraordinary circumstances here that could lead to application of § 105(a). Thus, the Court declines Debtor's invitation to look to § 105 and allow the debt to be discharged.

**WHEREFORE**, the Court finds that Debtor cannot discharge his obligations under the hold harmless/indemnification provision in the marital dissolution agreement under 11 U.S.C. § 523(a)(15).

Dated and Entered:
 November 20, 2014

_/s/ Thad J. Collins_
**THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE**